O
JS-6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LARRY B. MOORE,<br><br>  Plaintiff,<br>  v.<br>GLAXOSMITHKLINE, et al.,<br><br>  Defendants. | Case No. 2:13-cv-1928-ODW(RZx)<br>**ORDER REMANDING CASE**<br><br>cc: order, docket, remand letter to Los Angeles Superior Court No. BC 488845 |

The Court has received Defendant Eli Lilly and Co.'s Notice of Removal. Having carefully considered the papers filed in conjunction with the Notice, the Court determines that Eli Lilly has failed to satisfy its burden to establish federal jurisdiction. The Court must therefore remand this action to the Los Angeles Superior Court.

Federal courts are courts of limited jurisdiction, having subject-matter jurisdiction only over matters authorized by the Constitution and Congress. U.S. Const. art. III, § 2, cl. 1; *e.g.*, *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). A suit filed in state court may be removed to federal court if the federal court would have had original jurisdiction over the suit. 28 U.S.C. § 1441(a). But courts strictly construe the removal statute against removal jurisdiction, and "[f]ederal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). The party seeking removal bears the burden of establishing federal jurisdiction. *Durham v.*

*Lockheed Martin Corp.*, 445 F.3d 1247, 1252 (9th Cir. 2006) (citing *Gaus*, 980 F.2d at 566).

Federal courts have original jurisdiction where an action presents a federal question under 28 U.S.C. § 1331, or diversity of citizenship under 28 U.S.C. § 1332. To exercise diversity jurisdiction, a federal court must find complete diversity of citizenship among the adverse parties, and the amount in controversy must exceed $75,000, usually exclusive of interest and costs. 28 U.S.C. § 1332(a). For the purposes of complete diversity, a natural person's citizenship is "determined by her state of domicile, not her state of residence." *Kantor v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001); *see also Jeffcott v. Donovan*, 135 F.2d 213, 214 (9th Cir. 1943) ("Diversity of citizenship as a basis for the jurisdiction of a cause in the District Court of the United States is not dependent upon the residence of any of the parties, but upon their citizenship.").

Eli Lilly's Notice of Removal asserts that Plaintiff "is a resident of San Quentin State Prison, in the County of Marin, State of California." (Notice of Removal 3.) Eli Lilly's citizenship allegation, which is predicated solely on Plaintiff's current residency, is insufficient to establish Plaintiff's citizenship on removal. *Kantor*, 265 F.3d at 857. An inmate's citizenship while incarcerated is based on his pre-incarceration state of citizenship or his planned future state of citizenship upon release. *Singletary v. Cont'l Ill. Nat'l Bank & Trust Co. of Chi.*, 9 F.3d 1236, 1238 (7th Cir. 1993); *see Cohen v. United States*, 297 F.2d 760, 774 (9th Cir. 1962).

And while a party's residence may be prima facie evidence of that party's domicile when an action is brought in federal court *in the first instance*, mere residence allegations are insufficient to establish citizenship *on removal* in light of the strong presumption against removal jurisdiction. *See Kanter*, 265 F.3d at 857 ("Absent unusual circumstances, a party seeking to invoke diversity jurisdiction should be able to allege affirmatively the actual citizenship of the relevant parties."); *State Farm Mut. Auto. Ins. v. Dyer*, 19 F.3d 514, 520 (10th Cir. 1994).

Because Eli Lilly fails to establish Plaintiff's citizenship, it cannot establish that there is complete diversity for purposes of 28 U.S.C. § 1332. If there was any doubt raised here regarding Plaintiff's citizenship, this doubt suggests remand is appropriate. *See Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992).

Therefore, this Court does not have subject matter jurisdiction. The Court **REMANDS** this action to the Los Angeles County Superior Court. The Clerk of Court shall close this case.

**IT IS SO ORDERED.**

March 21, 2013

_____
**OTIS D. WRIGHT, II
UNITED STATES DISTRICT JUDGE**